W. Ted Middendorf, Chairman Board of Accountancy Landon State Office Building 900 S.W. Jackson Street, Suite 556 Topeka, Kansas 66612-1239
Dear Mr. Middendorf:
As Chairman of the Board of Accountancy and upon a formal vote of the Board, you ask our opinion whether certain documents related to complaints received by the Board against certified public accountants (CPAs) may be discretionarily closed under the Kansas Open Records Act (KORA) when the complaints are not formally acted on by the Board because there is no probable cause to believe a violation has occurred.
You specifically mention three different types of such complaints, and the documents which often accompany them:
 A. Complaints which do not allege acts or do not state facts which would constitute grounds for discipline against CPAs and are thus dismissed by the Board's Executive Director;
 B. Complaints which are very minor and are resolved by the Executive Director with a minimal amount of correspondence and are dismissed by the Executive Director;
 C. Complaints which on their face state grounds that might warrant discipline, but are ultimately dismissed for no probable cause after an investigation by a Board member because facts do not ultimately warrant discipline. This might include, but is not limited to, any correspondence between the investigative Board member and third parties.
You state that your concern is that some complaints are frivolous and appear to be filed to harass the CPA, and release of information concerning such complaints might give an unfair impression of the CPA involved.
K.S.A. 1996 Supp. 45-217(f)(1) defines "public record":
 "[A]ny recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency including, but not limited to, an agreement in settlement of litigation involving the Kansas public employees retirement system and the investment of moneys of the fund."
All documents in the possession of the Board of Accountancy related to complaints are public records.
The KORA declares the public policy of the state to be "that public records shall be open for inspection by any person" and the KORA is to be "liberally construed and applied to promote such policy." K.S.A. 45-216(a). Therefore, a public record is to be open for inspection unless the record falls within one of the forty-one categories of records which are not required to be disclosed as enumerated in K.S.A. 1996 Supp. 45-221, or it is otherwise closed by law. This statute does not prohibit disclosure of records which fall within an exception, but leaves the decision of disclosure with the agency.
K.S.A. 1996 Supp. 45-221(a)(14) provides in part:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(14) Correspondence between a public agency and a private individual, other than correspondence which is intended to give notice of an action, policy or determination relating to any regulatory, supervisory or enforcement responsibility of the public agency or which is widely distributed to the public by a public agency and is not specifically in response to communications from such a private individual."
The punctuation of this exception leaves much to be desired. Prior Attorney Generals' opinions express the general rule that such correspondence may be closed unless it falls within one of two exceptions:
 1) the correspondence is intended to provide notice of an action, policy or determination relating to any regulatory, supervisory or enforcement responsibility of the public agency; or
 2) the correspondence is widely distributed by the public and is not specifically in response to communications from such a private individual. See
Attorney General Opinions No. 89-127, 88-117, 87-149.
A letter of complaint against a CPA is correspondence between a "public agency and a private individual." It does not fall within either of the two exceptions to the general rule allowing closure. For purposes of the KORA then, it is within the Board of Accountancy's discretion to make open or to close any letters of complaint. (Whether the party complained about has a due process right to see the letter is another, and very fact specific, question.)
We note, however, this exception only refers to "correspondence." If the Board of Accountancy has a separate list of names of persons from whom or against whom complaints have been received, that is not covered by this subsection and the agency would have to justify closure on other grounds. We are unaware of any exception which would authorize such closure. Moreover, if the correspondence ever became part of a formal agency file in an agency adjudication against a CPA, because the agency file is public, the correspondence would become public and not subject to closure, unless a protective order is issued by the presiding officer. (See K.S.A. 77-522.)
A letter sent by the Board to the complainant notifying the complainant that there is no probable cause of a violation is a "notice of . . . determination" by the Board of Accountancy relating to a matter over which it has "regulatory, supervisory or enforcement responsibility." Therefore it is mandatorily open.
Whether investigatory materials are mandatorily open depends on the nature of the material and when it is requested. Some investigatory materials might be correspondence between the Board of Accountancy and another private individual, which could possibly be closed under exception (a)(14) (again, unless filed in an agency record as part of an agency proceeding). Other types of investigatory materials could not be closed under this exception. During the pendency of an investigation, however, another exception applies. Under K.S.A. 1996 Supp. 45-221(a)(11) an agency is not required to disclose:
 "Records of agencies involved in administrative adjudication or civil litigation, compiled in the process of detecting or investigating violations of civil law or administrative rules and regulations, if disclosure would interfere with a prospective administrative adjudication or civil litigation or reveal the identity of a confidential source or undercover agent."
Until the Board of Accountancy has determined whether to bring an administrative proceeding, and during the pendency of any proceeding, investigatory materials can be closed under this exception if disclosure would interfere with the adjudication, except pursuant to discovery or unless filed of record. At the conclusion of the case, or once the agency has determined no proceedings will be filed, exception (a)(11) no longer applies and all records not subject to a different exception would be open.
We caution that in applying this opinion to other licensing boards, it must be kept in mind that health care licensing boards are subject to peer review statutes which would, under certain circumstances, override the KORA. See K.S.A. 65-4914 et seq.
In summary, letters of complaint to the Board of Accountancy may be closed. A letter from the Board of Accountancy to the complainant notifying the complainant that there is no probable cause of a violation is mandatorily open. Documents assembled in the course of an investigation may be closed as long as there is an adjudication pending.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm